**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ROGER W. BREWER, | DOCKET NUMBER |
| Appellant, | CH-0752-16-0093-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: August 17, 2016 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Roger W. Brewer, Cincinnati, Ohio, pro se.

David E. Mapp, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as moot. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective October 17, 2015, the agency removed the appellant from his Mail Handler position for unsatisfactory attendance after he had been absent without leave since November 25, 2012. Initial Appeal File (IAF), Tab 1 at 7-10. The appellant appealed the agency's action to the Board. IAF, Tab 1. The agency moved to dismiss the appeal as moot arguing that it had rescinded and expunged the proposal notice and decision letter concerning the appellant's removal. IAF, Tab 5 at 6-7.

¶3 In an initial decision, the administrative judge dismissed the appeal as moot. IAF, Tab 8, Initial Decision (ID) at 1. The administrative judge found that the appellant had consented to the dismissal of the appeal and the agency had reinstated the appellant and expunged the removal action and all associated documents from his official personnel file. ID at 4. The administrative judge further found that the appellant had been returned to the status quo ante because he was reinstated to a leave status due to his medical condition. *Id*.

¶4 The appellant has filed a petition for review in which he contends that he suffers from asthma and allergies that resulted from his working conditions, submitted medical documentation concerning his asthma and allergies, and asserts

that the agency has failed to assist him with his application for disability retirement.[2]   Petition for Review (PFR) File, Tab 1 at 1-11.   The agency has opposed the appellant's petition.  PFR File, Tab 3.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶5        The Board's jurisdiction is determined by the nature of an agency's action against a particular appellant at the time an appeal is filed with the Board, and an agency's unilateral modification of its action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divestiture or unless the agency completely rescinds the action being appealed.  *Himmel v. Department of Justice*, 6 M.S.P.R. 484, 486 (1981); *see Vidal v. Department of Justice*, 113 M.S.P.R. 254, ¶ 4 (2010).  When an agency cancels or rescinds an action after the action has been appealed, the Board may dismiss the appeal as moot.  *Vidal*, 113 M.S.P.R. 254, ¶ 4.  For an appeal to be rendered moot, an appellant must receive all of the relief that he could have received if the matter had been adjudicated and he had prevailed.  *Id.*

¶6        In the proceedings below, the agency submitted a letter notifying the appellant that the notice of proposed removal and removal decision letter had been rescinded and expunged from his record.  IAF, Tab 5 at 20.  The letter informed the appellant that he was not being directed to immediately return to duty because the union provided medical documentation from a January 26, 2015 examination, which indicated that he was unable to work for at least 12 months.  *Id.*   Thus, the agency's letter directed the appellant to return to duty on

---

[2] The appellant did not raise any of these arguments below.  The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  Because the appellant has failed to show that his new arguments and evidence previously were unavailable, we have not considered them.  However, even if we were to consider them, such arguments would not provide a basis for reversal of the initial decision because they do not establish that there exists any further relief the Board could order regarding the appellant's removal.

January 27, 2016, or provide updated medical documentation supporting his continued incapacity for work and anticipated recovery date. *Id.*

¶7     As stated above, the administrative judge found that the agency expunged the removal action and all associated documents from the appellant's official personnel file. ID at 4. On review, the appellant does not provide a reason to disturb this finding. He does not contend that the agency failed to completely rescind the removal action and acknowledges that the agency "dropped the charges." PFR File, Tab 1 at 9. Nor does he dispute the administrative judge's finding that he consented to the dismissal of the appeal below during a status conference held on January 15, 2016. ID at 4.

¶8     Because the record reflects that the appellant has been afforded all the relief to which he would have been entitled had he prevailed on his removal appeal and he has failed to allege the availability of any remaining remedy, we find that the administrative judge properly dismissed the appeal as moot.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:             _____
                           Jennifer Everling
                           Acting Clerk of the Board

Washington, D.C.